IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TASHA PUTMAN                                                                                    PLAINTIFF

    v.                      Civil No. 2:22-cv-02076-PKH-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                DEFENDANT

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Plaintiff, Tasha Putman, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.    Procedural Background

Plaintiff filed her applications for benefits on March 22, 2019, alleging disability beginning August 13, 2018, due to tremors, ataxia, depression, asthma, memory loss, migraines, and gastric bypass. (ECF No. 9, pp. 17, 212-213, 214-220, 245). Plaintiff was 35 years old on the alleged disability onset date, has at least a high school education, and is unable to perform any past relevant work. (*Id*., p. 33). Her applications for benefits were denied initially and on reconsideration. (*Id*., pp. 17, 147-153, 160-165). At Plaintiff's request, an Administrative Law Judge ("ALJ"), Elisabeth McGee, held an administrative hearing on September 28, 2020, via telephone due to the extraordinary circumstance presented by the COVID-19 pandemic. (*Id*., pp. 17, 42-67). Plaintiff was present and represented by counsel.

1

On March 2, 2021, the ALJ concluded that Plaintiff's depression, anxiety, conversion disorder, personality disorder with borderline and dependent traits, asthma, and syncope were severe, but she concluded these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 9, pp. 20-21). Despite Plaintiff's impairments, the ALJ found Plaintiff capable of performing:

> light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except occasional balance, no hazards such as ladders/ropes/scaffolds, moving mechanical parts, unprotected heights, deep water, and open flames; simple routine repetitive tasks with few variables and little judgment required; supervision that is simple, direct, and concrete, and social interaction that is incidental to the work performed. (ECF No. 9, p. 21).

With the assistance of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work as a housekeeping cleaner, DOT # 323.687-014, of which there are 398,985 jobs in the national economy; a fountain server, DOT # 319.474-101, of which there are 135,105 jobs in the national economy; and an office helper, DOT # 239.567-101, of which there are 141,295 jobs in the national economy. (ECF No. 9, pp. 33-34). Plaintiff was found not to be under a disability from her alleged onset date through the date of the ALJ's decision. (*Id*., p. 34).

The Appeals Council denied Plaintiff's request for review on March 1, 2022. (ECF No. 9, pp. 6-11). Plaintiff then filed her Complaint to initiate this action on May 4, 2022. (ECF No. 2). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 13, 17), and the case is ready for decision.

## II.   Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A claimant must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

3

given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder will only consider Plaintiff's age, education, and work experience in the light of her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises four issues on appeal: (1) whether the ALJ fully and fairly developed the record; (2) whether the ALJ erred at steps two and three; (3) whether the ALJ properly considered Plaintiff's subjective complaints; and (4), whether substantial evidence supports the ALJ's RFC finding. After thoroughly reviewing the record, the undersigned finds that the ALJ failed to properly consider Plaintiff's subjective complaints, thereby providing less than substantial evidence to support the RFC finding. Because reversal and remand are required on this basis, Plaintiff's first two arguments will not be discussed.

An ALJ is required to consider all the evidence relating to Plaintiff's subjective complaints, including: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitation and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5), functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In so doing, the ALJ must also consider the claimant's prior work record, observations made by third parties, and the opinions of treating and examining physicians. *Id*.

An ALJ may not discount the Plaintiff's subjective complaints solely because the medical evidence fails to support them. *Id*. However, "[a]n ALJ . . . may disbelieve subjective reports because of inherent inconsistencies or other circumstances." *Wright v. Colvin*, 789 F.3d 847, 853 (8th Cir. 2015) (citing *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (quotation and citation omitted)). The Eighth Circuit has observed, "[o]ur touchstone is that [a claimant's] credibility is

4

primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). When an ALJ states that he discharged his official duties as stated in his decision, we presume he has done so. *See, e.g., Willburn v. Astrue*, 626 F.3d 999, 1003-04 (8th Cir. 2010) (applying the presumption of regularity to conclude the ALJ discharged his official duties as described).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. A disability claimant has the burden of establishing her RFC. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Plaintiff contends that "the ALJ appears to rule that a disability claimant with a finding of severe somatoform disorder cannot be found credible/consistent." (ECF No. 13, pp. 16-21). We agree that the ALJ appears to rely heavily on the inconsistency of Plaintiff's tremors and left lower extremity deficits to discredit Plaintiff's subjective complaints. Treating providers certainly noted the intermittent and distractible nature of Plaintiff's tremor and left lower extremity deficits. It

5

was determined by multiple medical sources, however, that this quality was a symptom of Plaintiff's mental impairment of a somatoform disorder.

A review of the record reveals consistent diagnoses of a somatoform disorder, which the ALJ found to be a severe impairment of conversion disorder at step two. In September 2018, Plaintiff complained of increasing left side leg weakness and difficulty walking. (ECF No. 9, pp. 381, 635-636, 652-653). Plaintiff presented to the emergency department reporting such difficulty that she had to use a walker, and she was hospitalized for testing for three days. (*Id.*, p. 381). Objective imaging during the hospital course revealed relatively normal results. (*Id.*). Upon discharge, treatment providers had diagnosed Plaintiff with an action tremor, lower extremity weakness with gait disturbance, and depression. (*Id.*).

Subsequent physical therapy throughout October and November demonstrated Plaintiff's compliance with her treatment plan with little improvement. (ECF No. 9, pp. 594-597, 611-616). She reported increased tremors in bilateral upper and lower extremities, a fall while walking, and such difficulty using stairs that her family had to carry her up and down. (*Id.*). Examinations showed that Plaintiff appeared sick and weak with mild distress; she used a walker; and resting tremors were visible in all extremities. (*Id.*).

Neurologist Dr. Jay Hinkle noted that Plaintiff's extensive work up, including MRI C/T/L spine, were normal, and an MRI showed few periventricular white matter lesions but no contrast enhancement. (ECF No. 9, p. 449). Dr. Hinkle first noted the variability and distractibility of Plaintiff's postural and intention tremor in all four extremities on October 25, 2018. (*Id.*). In November, Plaintiff used a walker, exhibited a tremor on standing, and had an intermittent tremor in bilateral upper extremities that was reduced on distraction. (*Id.*, p. 601). Dr. Raj Dondeti diagnosed Plaintiff with anxiety in acute stress reaction, anxiety related tremor, moderate episode

of recurrent major depressive disorder, and acquired inversion deformity of left foot. (*Id.*, p. 565). Plaintiff continued to use a cane and attend physical therapy. (*Id.*).

In January 2019, Dr. Steven Moon's examination of Plaintiff revealed intermittent atypical high amplitude tremors of arms and legs that appeared to be somewhat under voluntary control. (ECF No. 9, p. 555). He noted Plaintiff's atypical gait with some intermittent inversion of the left and right foot. (*Id.*). Dr. Dondeti observed Plaintiff using a cane and ankle brace and demonstrating an abnormal gait with weakness of the left lower extremity. (*Id.*, p. 541). Plaintiff was diagnosed on this visit with moderate episode of recurrent major depressive disorder and postural tremor. (*Id.*).

Plaintiff's treatment record consistently showed complaints of tremors and left lower extremity deficits throughout 2019, which were observable yet unexplained by imaging findings. (*Id.*, pp. 439, 464, 475, 485, 497, 499, 527, 535, 510, 1091, 1093). Patricia Walz, Ph.D., examined Plaintiff in July 2019. (*Id.*, p. 1065). She noted Plaintiff was not necessarily malingering despite her inconsistent symptoms. She found chronic anxiety and depression and probable conversion disorder with tremor and weakness. (*Id.*). Dr. Christie Tung conducted a tele-neurology consult in August 2019, and diagnosed a likely somatoform etiology, either factitious or conversion. (*Id.*, p. 1161).

Dr. Mitesh Lotia conducted a neurological evaluation in October 2019, and found Plaintiff's history and examination results were consistent with a diagnosis of functional neurological disorder with mixed symptoms. (ECF No. 9, p. 1399). Dr. Lotia recommended psychiatric evaluation and management of underlying mood and thought disorder. (*Id.*). It was noted that Plaintiff may benefit from neuropsychological testing, including evaluation of a personality trait, to help identify appropriate therapeutic behavioral interventions. (*Id.*). In June

2020, treatment providers noted that Plaintiff continued to have tremors and left side weakness that affected her functioning at times, saw a therapist every other week, and planned to begin more intense therapy. (*Id.*, pp. 1452, 1467).

Symptom-free periods do not necessarily mean that a mental impairment has ceased, as the Eighth Circuit notes in *Andler v. Chater*, 100 F.3d 1389, 1393 (8th Cir. 1996). In Plaintiff's case, the characteristic signs of a somatoform disorder were precisely the elements the ALJ used to discredit her subjective statements. Where the treatment record showed inconsistent tremors, medical sources consistently diagnosed somatoform disorder. Medical sources recommend psychological evaluation, counseling, and reduction of stress. The link between Plaintiff's mental state and the presence of physical symptoms is an established characteristic of Plaintiff's mental impairment. Indeed, mental consultative examiner reports opined that Plaintiff's physical symptoms were directly related to her mental impairment. The ALJ, however, found Plaintiff's subjective statements regarding tremors and left lower extremity deficits inconsistent with the medical record, heavily relying on treatment records establishing the intermittent and distractible nature of Plaintiff's symptoms.

This is not a case in which a claimant's physical symptoms appeared inconsistent because they were feigned; but rather, this Plaintiff's physical symptoms were present sometimes and absent at other times due to a diagnosed mental impairment. The correlation between Plaintiff's depression, stress levels, and manifestation of physical symptoms is clearly supported by the treatment record. Additionally, consultative examiners assessed Plaintiff with limitations that accounted for this correlation. Because the ALJ found Plaintiff's subjective complaints regarding tremors and left lower extremity deficits inconsistent with the record, she failed to account for such limitations in the RFC finding. By failing to account for the physical manifestation of Plaintiff's

mental impairment, the ALJ failed to account for Plaintiff's mental impairment of a somatoform disorder, namely conversion disorder.

The undersigned finds the ALJ failed to properly evaluate Plaintiff's subjective complaints and, thus, failed to account for additional restrictions supported by the record, namely tremors and left lower extremity deficits based on somatoform disorder. Accordingly, the ALJ's decision is not supported by substantial evidence, and the case should be reversed and remanded for further consideration.

### IV. Conclusion

Based on the foregoing analysis, it is recommended that this case be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of July 2023.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE